## SELLS v. CITY OF CHICAGO.

(Circuit Court of Appeals, Seventh Circuit.  October 8, 1912.)

No. 1,895.

1. CONTRACTS (§ 232*)—CONSTRUCTION—CONTRACTS FOR SERVICES—EXTRA COMPENSATION.

A contract by which plaintiffs, as accountants, were employed by defendant city to make a complete investigation and adjustment of all special assessment accounts for a stated sum, and defendant agreed to furnish them with all records belonging to it, construed, and *held* not to entitle plaintiffs to extra compensation because of the necessity of examining state and county records as well as city records, and the refusal of defendant to furnish the same, especially in view of an express provision that no pay would be allowed for extra work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*]

2. EVIDENCE (§ 441*)—PAROL EVIDENCE—MUNICIPAL CONTRACTS.

The rule that a written contract cannot be varied by parol evidence of prior negotiations is especially applicable to municipal contracts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

Action at law by Elijah Watt Sells, surviving partner of the firm of Haskins & Sells, composed of Charles Waldo Haskins and Elijah Watt Sells, against the City of Chicago. Judgment for defendant, and plaintiff brings error. Affirmed.

Plaintiff in error, surviving partner of the firm of Haskins & Sells, termed plaintiff herein, together with his said partner, entered into a written contract with defendant in error, hereinafter termed defendant, on the 1st day of March, 1901, whereby said firm agreed to make and complete an investigation, examination, and adjustment of all the special assessment accounts of the city, in accordance with specifications thereto attached, within a period of 10 months from the commencement of the work. Said firm undertook to obtain all original documents necessary, and to search all the records required, whether such records contain other matter or not, to carry out said work, to rewrite all the records of special assessment accounts, do everything necessary in order to produce a complete and perfect record of each and every special assessment warrant of the city and arrange the same in such order as would make them convenient for public use and convenient and ready for reference. The term "special assessment" was to include all special assessments as they stood on April 30, 1901, including those of municipalities or parts thereof, which had been annexed to the city, so far as necessary to make a complete record. On its part defendant agreed to pay $65,000 for the completed work from the appropriation made for that purpose.

Defendant further agreed to furnish said firm immediate access to all records, vouchers, warrants, contracts, books of account, or other records or papers belonging to or in the custody of defendant, and provide them a place for their work. Clause 12 of the contract reads:

"It is further mutually understood and agreed that in no event will said parties of the first part be allowed or paid for any extra work done or claimed to be done by them; and in no event will the compensation to be paid the said parties of the first part exceed sixty-five thousand ($65,000) dollars."

From the declaration it appears that said firm shortly afterwards entered upon the performance of their part of said contract; that after commencing the work said firm discovered that certain necessary records and papers were not in the defendant's possession, and were not delivered to said firm, and that, in order to complete the task undertaken by said firm, it became necessary for them to resort to records of the state of Illinois and of the county of Cook, and to investigate various other and outside sources of information and do a large amount of work not contemplated by the contract, which would have been unnecessary had the city complied with the contract; that, when notified by said firm that it was the duty of the city, under said contract, to furnish them all of said missing records and papers, defendant demanded that they complete said work under penalty of forfeiting their bond, which they had given to secure the performance of

the contract by them, and the money deposited with the city for a like purpose, and take all necessary steps and do all necessary things to produce and create from contemporaneous sources, if necessary, such necessary records and documents as were missing including the investigation of the Cook county and Illinois records, etc.; that said firm, still insisting that defendant had breached the contract as above set out, completed the work called for by the contract; that in so doing it was necessary that said firm should examine, and they did examine, said outside records and various other outside sources of information, and do a large amount of uncompleted work; that the result was accepted by the defendant and the $65,000 was paid over as agreed.

It further appears that by reason of the failure of the defendant to furnish such missing records and documents said firm was delayed for a long period (two years) in doing said work, was compelled to construct and replace a great number and amount of records and documents, and was obliged to employ extra help far beyond what would have been otherwise necessary.

The declaration further sets out the contract, avers the legal obligation of defendant to keep all the records, warrants, and other documents pertaining to special assessments, charges that the same were assumed to be so kept, and that said firm was only required to deal with what records and documents were stored in the vaults and storage places of defendant, and not with county and state records.

The defendant declined to make any further payment, and plaintiff brought suit to recover damages so sustained, laid by plaintiff at the sum of $500,000.

To the declaration defendant filed six pleas. The first plea sets out that if said agreement was made as construed by plaintiff the contract would have been void as in contravention of the constitutional provision regulating the amount of municipal indebtedness. The second plea sets out that there was no appropriation made for the payment of anything in excess of $65,000; and therefore, if the contract was made to pay the extra sum, it would have been void. The third plea alleges the statute requiring the advertising for and taking bids for such work, and charges that no bids for the work were taken; wherefore the agreement to pay such extra sum, if made, would have been void. The fourth and fifth pleas set up the failure to comply with said necessity of taking bids, etc., in accordance with the city ordinances, and the .want of action on said claim by the council, and its consequent invalidity. The sixth plea sets up the ordinance forbidding the payment for extra work, unless the council authorize it on the report of the commissioner of public works, charges that no such action was had in the present case, and that therefore the claim of plaintiff is void. Plaintiff demurred to each of said pleas.

On the hearing the court overruled the demurrer to the pleas and carried it back and sustained it to the declaration. Plaintiff thereupon elected to stand by his declaration; whereupon the court entered judgment for defendant. To correct these alleged errors, this writ of error was sued out.

David B. Gann, George H. Peaks, and Morris M. Townley, all of Chicago, Ill. (Delevan A. Holmes, of Chicago, Ill., of counsel), for plaintiff in error.

Wm. H. Sexton and Charles M. Haft, both of Chicago, Ill., for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] The only matter which we deem it necessary to consider is whether defendant obligated itself by the contract, in terms or by implication, to furnish to plaintiff's firm the records and documents and other information which plaintiff was compelled to search for and obtain from the county and state records.

Defendant undertook to provide plaintiff's firm with all records and documents belonging to it, or in its custody. Said firm agreed to obtain all original documents necessary and to search all the records required, whether such records contained other matter or not, to carry out said undertaking. They agreed to do the work within 10 months from the time defendant furnished them a place in which to do it, and gave them access to the records, etc., so far as the same were in defendant's possession. They stipulated with defendant that their undertaking covered the special assessments of those municipal corporations, or parts thereof, theretofore annexed to defendant.

Now, it is apparent that the only language of the contract which gives any color to plaintiff's contention is that quoted above, whereby the defendant agrees to furnish plaintiff's firm with all records, etc., *belonging to it*, etc.; but these words, taken in connection with the rest of the contract, leave no doubt but that the defendant was obligated to make no search for or furnish to plaintiff such information as was to be procured from court or other outside records; nor was it to be presumed that defendant had these in its possession. They were neither city records nor documents.

[2] There could be no stronger declaration that no extras would be allowed than that of said clause 12 of the contract. There is no obscurity in this language. There is no ground for the claim that defendant failed to perform its part of the agreement. No allegation of the declaration can prevail over the plain language of the writing between the parties. This is too well settled to require citation of authority. Nor can the terms of the contract be in any way modified by what was said prior to the execution thereof. This is particularly the case in regard to municipal undertakings, which are hedged about by statute with safeguards and preliminary requirements of such a character as to prevent informal modifications of the substance thereof. Simpson v. U. S., 172 U. S. 372, 19 Sup. Ct. 212, 43 L. Ed. 482; Sanitary District v. Ricker, 91 Fed. 833, 34 C. C. A. 91; Brawley v. U. S., 96 U. S. 168, 24 L. Ed. 622; Cleaveland v. Richardson, 132 U. S. 318, 10 Sup. Ct. 100, 33 L. Ed. 384.

In our judgment, the contract in this case precludes any claim of plaintiff for remuneration in excess of the $65,000. The declaration fails to make out a case for the relief sought, and the action of the

court in carrying back and sustaining the demurrer to that instrument involves no mistake of law.

The judgment of the District Court is therefore affirmed.